■ THOMAS KEANE, Appellant, v SIN HANG LEE et al., Respondents. (And a Third-Party Action.)—In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Ramirez, J.), dated May 8, 1990, as denied his cross motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the cross motion is granted.

The unrefuted testimony of the plaintiff and his partner was that while repairing a recently installed window on the fifth floor of an apartment building, the plaintiff slipped on con-

struction debris which had accumulated on the outer window ledge, and fell to the ground. It was also undisputed that no safety devices were provided which might have prevented the accident. Since this lack of safety devices was demonstrated to have been a proximate cause of the plaintiff's injuries, the trial court should have granted summary judgment to the plaintiff on the issue of liability *(see,* Labor Law § 240 [1]; *Bland v Manocherian,* 66 NY2d 452, 459-460; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 521-523; *Ferrari v Niasher Realty,* 175 AD2d 591; *Terry v Young Men's Hebrew Assn.,* 168 AD2d 399, *affd* 78 NY2d 978). None of the defendants' assertions concerning the plaintiff's contributory negligence, including his use of marihuana on the afternoon in question, can be interposed as a defense to a claim of liability under Labor Law § 240 (1) *(see, Bland v Manocherian, supra,* at 460; *Zimmer v Chemung County Performing Arts, supra,* at 521-522; *Tate v Clancy-Cullen Stor. Co.,* 171 AD2d 292, 296). Thompson, J. P., Bracken, Lawrence and Miller, JJ., concur.