■ Bruce Boice, Respondent, v Jegarmont Realty Corp. et al., Appellants. [612 NYS2d 431] —In an action for damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Orange County (Barone, J.), entered June 24, 1992, which, upon granting the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability and upon a jury verdict on the issue of damages, is in favor of the plaintiff and against them in the principal sum of $343,520.

Ordered that the judgment is affirmed with costs.

The plaintiff, an independent contractor, was engaged to perform construction work on premises owned by the defendant Jegarmont Realty Corp. (hereinafter Jegarmont). In order to reach the height necessary to perform the work, the plaintiff had to stand on a platform attached to a forklift which would carry him up to the worksite. When the forklift was in motion, the plaintiff would hold onto a "cage" on one side of the platform. At the time of the accident, the plaintiff was about to be lowered on the platform when the forklift suddenly dropped. This sudden motion caused the plaintiff to fall from the platform and sustain injuries. There is no dispute that there were no guardrails on the platform, nor were there any other safety devices to protect against a fall from the platform. The plaintiff sued the building owner (a

corporation), the general contractor of the construction project (another corporation), and the president of both the corporate owner of the building and the corporate general contractor. The trial court directed a verdict in the plaintiff's favor on the issue of liability pursuant to Labor Law § 240. We now affirm.

The trial court granted the directed verdict in the plaintiff's favor at the end of the plaintiff's case. Prior thereto, the defendants had merely indicated that they planned to present evidence of the plaintiff's negligence. However, comparative negligence is not a defense to a cause of action pursuant to Labor Law § 240 (see, Haimes v New York Tel. Co., 46 NY2d 132; Keane v Sin Hang Lee, 188 AD2d 636). Accordingly, because the defendant was not going to present any evidence crucial to the issue of whether the plaintiff was entitled to judgment as a matter of law pursuant to Labor Law § 240, there was no reason to deny the plaintiff's motion for a directed verdict at the close of the plaintiff's case.

We find that, under the circumstances of this case, the failure to provide guardrails or another safety device which would have prevented the plaintiff's fall from the mobile platform constituted a failure to provide the "proper protection" required by Labor Law § 240 (1) as a matter of law (see, Labor Law § 240 [1]; Zimmer v Chemung County Performing Arts, 65 NY2d 513; Whalen v Sciame Constr. Co., 198 AD2d 501; Figueroa v Manhattanville Coll., 193 AD2d 778; Bras v Atlas Constr. Corp., 166 AD2d 401; La Lima v Epstein, 143 AD2d 886). Further, the failure to provide "proper protection" was a substantial factor in bringing about the plaintiff's injuries (see, Gordon v Eastern Ry. Supply, 82 NY2d 555).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Miller, Joy and Altman, JJ., concur.