■ JAMES CHAITOVITZ, Appellant, v PAUL S. LEWIS et al., Defendants and Third-Party Plaintiffs-Respondents. TOM SEIGFRIED PLUMBING & HEATING CORP., Third-Party Defendant. [634 NYS2d 727] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of a judgment of the Supreme Court, Suffolk County (Newmark, J.), dated May 3, 1994, as, upon a jury verdict in favor of the defendant Paul S. Lewis and against it, and upon the denial of that branch of his posttrial motion which was for judgment as a matter of law against that defendant on the issue of liability under Labor Law § 240 (1), dismissed the complaint insofar as asserted against that defendant.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the aforementioned branch of the plaintiff's motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for a trial on the issue of damages.

The uncontroverted evidence at trial established that the plaintiff was injured when the ladder upon which he was standing suddenly collapsed, causing the plaintiff to fall. The jury, in response to interrogatories, found that the respondent Paul S. Lewis violated Labor Law § 240 in that he failed to furnish scaffolding or ladders which would provide the worker with proper protection. However, the jury found that it had not been proven that the respondent's violation of Labor Law § 240 (1) was a proximate cause of the injuries. The trial court denied the plaintiff's motion for judgment as a matter of law as to the finding that the violation of Labor Law § 240 was not a proximate cause of the accident.

It is well-settled that in order to establish a prima facie case under Labor Law § 240 (1), a plaintiff need only show that the ladder or other safety device upon which he was standing collapsed (see, Gordon v Eastern Ry. Supply, 82 NY2d 555; Lopez v 36-2nd J Corp., 211 AD2d 667; Bryan v City of New York, 206 AD2d 448). Once the jury found that Labor Law § 240 was violated, there was no evidence on this record upon which the jury could conclude that the violation of Labor Law § 240 was not a proximate cause of the injuries (see, Zimmer v Chemung County Performing Arts, 65 NY2d 513; Boice v Jegarmont Realty Corp., 204 AD2d 674).

The plaintiff also purports to appeal from the Supreme Court's dismissal of the third-party complaint brought by the respondent against the plaintiff's employer, which asserted causes of action for indemnity and contribution. However, the plaintiff cannot appeal from this dismissal because the judgment from which the plaintiff appeals contains no adjudicatory provision dismissing the third-party complaint (see, Town of Massena v Niagara Mohawk Power Corp., 45 NY2d 482, 488). Furthermore, the plaintiff is not aggrieved by the dismissal of the third-party action because he did not and could not sue the third-party defendant directly (see, CPLR 5511; Workers' Compensation Law § 11; Keyes v Jennings Co., 150 AD2d 758; Rogers v Huggins, 106 AD2d 621). Thompson, J. P., Ritter, Joy and Florio, JJ., concur.