■ GEORGE P. SMITH, Respondent, v YONKERS CONTRACTING COMPANY, INC., Appellant. [657 NYS2d 906] —In an action, *inter alia,* to recover damages for personal injuries pursuant to Labor Law § 240, the defendant appeals from an order of the Supreme Court, Suffolk County (Cannavo, J.), dated May 29, 1996, which (1) granted the plaintiff's motion for summary judgment on the issue of liability and (2) denied its cross motion to dismiss the complaint pursuant to CPLR 3126.

Ordered that the order is affirmed, with costs.

In order to prevail on a claim under Labor Law § 240 (1), the plaintiff must show that a violation of this statute was a proximate cause of the injury *(see, Bland v Manocherian,* 66 NY2d 452; *Keane v Sin Hang Lee,* 188 AD2d 636). In the instant case, the plaintiff made a prima facie showing of a violation of Labor Law § 240 (1) and that this violation was a proximate cause of his injuries through his affidavit that the temporary bridge overpass on which he was working collapsed, causing him to fall about 20 feet to the roadway below *(see, Chaitovitz v Lewis,* 222 AD2d 392; *Aragon v 233 W. 21st St.,* 201 AD2d 353, 354). This shifted the burden to the defendant to raise a factual issue on liability *(see, Aragon v 233 W. 21st St., supra).* The defendant failed to submit evidence to show that the collapse of the temporary bridge overpass on which the plaintiff was working was not a proximate cause of his injuries *(see, Chaitovitz v Lewis, supra).* Because the defenses of assumption of risk and comparative negligence are not available in an action under Labor Law § 240 *(see, Haimes v New York Tel. Co.,*

46 NY2d 132; *Keane v Sin Hang Lee,* 188 AD2d 636, *supra),* the court properly granted the plaintiff summary judgment on the issue of liability.

Finally, the court did not improvidently exercise its discretion in denying the defendant's cross motion to dismiss the plaintiff's complaint *(see,* CPLR 3126 [3]; *Soto v City of Long Beach,* 197 AD2d 615; *Spira v Antoine,* 191 AD2d 219). Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.