◼ Tomasz Tylman, Appellant, v School Construction Authority et al., Defendants and Third-Party Plaintiffs-Respondents, and City of New York, Respondent. Milcon Construction Corp., Doing Business as Breathe Easy, Third-Party Defendant-Respondent. [770 NYS2d 433]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated September 19, 2002, as denied his motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and granted that branch of the cross motion of the defendants School Construction Authority, Board of Education of the City of New York, and Dillon Cont. Corp. which was for summary judgment dismissing the cause of action pursuant to Labor Law § 200 insofar as asserted against Dillon Cont. Corp.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion which was for summary judgment dismissing the cause of action pursuant to Labor Law § 200 insofar as asserted against Dillon Cont. Corp. and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the cause of action pursuant to Labor Law § 200 is reinstated against Dillon Cont. Corp.

The plaintiff, an employee of an asbestos removal subcontractor, was injured when he fell from a height of approximately 20 feet while assisting an employee of the general contractor in moving a hanging scaffold. At the time of the accident, the scaffold was partly resting on the top of an elevated sidewalk bridge, and there was conflicting evidence as to whether the plaintiff was standing on the scaffold or on the sidewalk bridge when he fell.

To prevail on a Labor Law § 240 claim, "the claimant must show that the statute was violated and that this violation was a proximate cause of the claimant's injuries" (*Lightfoot v State of New York,* 245 AD2d 488, 489 [1997] [internal quotation marks omitted]). Where, as here, the plaintiff was injured by a fall from an elevated work site, he must establish that the absence of or a defect in a safety device was the proximate cause of his injuries (*see Felker v Corning Inc.,* 90 NY2d 219, 224 [1997]). The plaintiff's fall, in and of itself, did not establish that proper protection was not provided (*see Alava v City of New York,* 246 AD2d 614, 615 [1998]; *Basmas v J.B.J. Energy Corp.,* 232 AD2d 594, 595 [1996]).

Under the circumstances of this case, the issue of whether the accident was proximately caused by a violation of Labor Law § 240 fundamentally depends on where the plaintiff was standing at the time of the accident, since the safety of the scaffold and the safety of the elevated sidewalk bridge are distinct questions requiring distinct proximate cause analyses. Because a material issue of fact exists as to whether the accident was proximately caused by a violation of Labor Law § 240, the plaintiff's motion for summary judgment on the issue of liability on that claim was properly denied (*see Shipkoski v Watch Case Factory Assoc.,* 292 AD2d 587 [2002]; *Chacon v New York Univ.,* 258 AD2d 430 [1999]; *Richardson v Matarese,* 206 AD2d 353 [1994]).

However, the Supreme Court should not have dismissed the plaintiff's Labor Law § 200 cause of action insofar as asserted against the defendant Dillon Cont. Corp., in light of that defendant's explicit concession that issues of fact exist as to whether it exercised any control over the work of the plaintiff. Florio, J.P., Smith, Luciano and Rivera, JJ., concur.