762

MOSHE NIMIROVSKI et al., Respondents, v VORNADO REALTY TRUST Co. et al., Defendants, and KINGS PLAZA SHOPPING CENTER OF AVENUE U et al., Defendants and Third-Party Plaintiffs-Appellants. CAPONE & DENILO, INC., et al., Third-Party Defendants-Appellants. (And Other Third-Party Actions.) [818 NYS2d 93]—

In an action to recover damages for personal injuries, etc., the defendants second and fifth third-party plaintiffs, Kings Plaza Shopping Center of Avenue U, Kings Plaza Shopping Center & Marina, and Kings Plaza Shopping Center of Flatbush Avenue, Inc., the first, second, and third third-party defendant, Capone & DeNilo, Inc., and the seventh and eighth third-party defendant, BNF Contractors, Inc., separately appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated October 29, 2004, which granted the plaintiffs' motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Ordered that the order is affirmed, with one bill of costs.

The plaintiff Moshe Nimirovski, a welder, was injured when a piece of the sign truss he was cutting down from a storefront fell to the floor and struck the base of the scaffold on which he was standing. The scaffold shook, and Nimirovski, attempting to keep his balance, leaned back against the wall of the storefront, causing the scaffold to move away from the wall. The injured plaintiff then fell five or six feet to the floor.

"[T]he availability of a particular safety device will not shield an owner or general contractor from absolute liability if the device alone is not sufficient to provide safety without the use of additional precautionary devices or measures" (*Conway v New York State Teachers' Retirement Sys.*, 141 AD2d 957, 958-959 [1988]; *see Whalen v Sciame Constr. Co.*, 198 AD2d 501, 502 [1993]). Here, under the circumstances, where it was foreseeable that pieces of metal being dropped to the floor could strike the scaffold and cause it to shake, the scaffold " 'was inadequate in and of itself to protect [the plaintiff] against hazards encountered' " in the course of his work, and "additional safety devices were necessary to satisfy Labor Law § 240 (1)" (*Lightfoot*

*v State of New York,* 245 AD2d 488, 489 [1997], quoting in part *Pritchard v Murray Walter, Inc.,* 157 AD2d 1012, 1013 [1990]; *see Quackenbush v Gar-Ben Assoc.,* 2 AD3d 824, 825 [2003]; *deSousa v Dayton T. Brown, Inc.,* 280 AD2d 447, 448 [2001]; *Mooney v PCM Dev. Co.,* 238 AD2d 487, 488 [1997]; *Boice v Jegarmont Realty Corp.,* 204 AD2d 674, 675 [1994]; *Whalen v Sciame Constr. Co., supra*).

The plaintiffs established their prima facie entitlement to summary judgment on the issue of liability pursuant to Labor Law § 240 (1) by showing, based on the undisputed testimony of the sole eyewitness to the accident, that Nimirovski was not provided with the proper protection required under the statute, and that the failure to provide such protection was a proximate cause of his injuries (*see Cahill v Triborough Bridge & Tunnel Auth.,* 4 NY3d 35, 39 [2004]; *Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280, 287 [2003]; *cf. Tylman v School Constr. Auth.,* 3 AD3d 488, 489 [2004]; *Alava v City of New York,* 246 AD2d 614, 615 [1998]). In opposition, the appellants failed to raise a triable issue of fact as to whether Nimirovski's actions were the sole proximate cause of the accident, i.e., that the inadequate safety device was not a proximate cause of the injuries (*cf. Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 524 [1985]). Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Furthermore, the contention of the appellant BNF Contractors, Inc. (hereinafter BNF), that the evidence established, as a matter of law, that Nimirovski's employer was neither in privity with nor an agent of BNF performing BNF's demolition work, is without merit. Rather, there is evidence that BNF subcontracted the work to BNJ Construction Corp. (hereinafter BNJ), and a triable issue of fact exists as to whether Nimirovski was working for BNJ when the accident occurred.

The appellants' remaining contentions are academic in light of the foregoing and, in any event, are without merit. Schmidt, J.P., Crane, Spolzino and Covello, JJ., concur.