■ DAVID HARRIS, Respondent, v 170 EAST END AVENUE, LLC, et al., Appellants. [896 NYS2d 51]—

Order, Supreme Court, New York County (Debra A. James, J.), entered January 29, 2009, which, to the extent appealed from, granted plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim, and denied so much of defendants' cross motion as sought summary judgment dismissing that claim, unanimously modified, on the law, to the extent of dismissing the claim against defendant Highrise Hoisting and Scaffolding, Inc., and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint as against Highrise.

Plaintiff, a steel worker, was injured during the construction of a 19-story condominium building. At the time of the accident, plaintiff was standing on the eighth floor of the structure. He was assisting in landing steel reinforcing bars on that floor, which were being lowered from the twelfth to the eighth floor by a crane. During the descent, the crane's cable struck a bundle of several hundred 4-inch-by-4-inch-by-16-foot wooden beams known as stringers or reshore. The bundle was situated on the tenth floor. The crane cable dislodged the bundle from its perch, causing the bundle to fall to the eighth floor, striking plaintiff and his coworker. The coworker died from his injuries.

Plaintiff moved for summary judgment under Labor Law § 240 (1). He claimed that the statute applied because the accident was caused by the operation of gravity, insofar as the bundle of stringers was above him, and fell because of the absence of an adequate safety device. Defendants cross-moved for summary judgment to dismiss the entire complaint, which also alleged violations of Labor Law §§ 200 and 241 (6). With respect to the section 240 (1) claim, they argued that there was no violation because the bundle of stringers which struck plaintiff

was properly secured. To support this contention, they submitted the affidavit of an expert who opined that defendants utilized the standard practice and procedure for storing stringers. That protocol, the expert averred, involves leaving bundles of stringers in an overhanging position with two thirds of the bundle on the floor while the remaining one third juts over the edge. Additionally, it requires placing one or more metal straps around the bundle and the wedging of a "chock," or vertical strut, between the top of the bundle and the ceiling. The expert also stated that "[i]t is possible . . . for a properly secured chocked bundle of reshores to fall if sufficient force is applied to the bundle to dislodge the chock and shift the center of gravity of the bundle over the edge of the floor." Defendants further offered the deposition testimony of various workers who stated that the procedure described by the expert was generally followed on the job site. Only one of the workers testified that the bundle which struck plaintiff was secured in accordance with that procedure.

The motion court granted plaintiff's motion and awarded him summary judgment on his section 240 (1) claim against all defendants. The court held that none of defendants' witnesses possessed personal knowledge of how the bundle of stringers that fell on plaintiff was secured, so defendants failed to establish, much less create an issue of fact, regarding whether they utilized an adequate safety device. Accordingly, because of the difference in elevation between the tenth floor, where the bundle was situated, and the eighth floor, where plaintiff was standing, the court found that section 240 (1) applied. The court did, however, dismiss the claims brought pursuant to Labor Law §§ 200 and 241 (6), a disposition which plaintiff does not challenge here.

Even assuming, without deciding, that defendants established that the bundle of stringers was secured in accordance with industry practice, summary judgment was properly granted to plaintiff on his claim pursuant to Labor Law § 240 (1). That section "evinces a clear legislative intent to provide 'exceptional protection' for workers against the 'special hazards' that arise when the work site either is itself elevated or is positioned below the level where 'materials or load [are] hoisted or secured' " (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500-501 [1993], quoting Rocovich v Consolidated Edison Co., 78 NY2d 509, 514 [1991]). The statute is one of strict liability. Therefore, it is irrelevant that a safety device was provided if an accident that the device was intended to prevent still befalls the plaintiff. Here, the bundle of stringers fell as a result of a foreseeable

construction-related accident, not an act of God or other calamity which defendants could not have anticipated. Thus, section 240 (1) was violated, notwithstanding that the bundle may have been chocked in accordance with industry protocol.

This case is similar to *Nimirovski v Vornado Realty Trust Co.* (29 AD3d 762 [2006]). There, the plaintiff was injured after he fell off a scaffold. The scaffold became unstable when a piece of the sign truss he was cutting fell and struck the scaffold. The Second Department held that "under the circumstances, where it was foreseeable that pieces of metal being dropped to the floor could strike the scaffold and cause it to shake, the scaffold was inadequate in and of itself to protect [the plaintiff] against hazards encountered in the course of his work, and additional safety devices were necessary to satisfy Labor Law § 240 (1)" (29 AD3d at 762 [internal quotation marks and citations omitted]).

Here, it was foreseeable that the crane cable could strike the bundle of stringers, and cause it to fall. Indeed, defendants' own expert conceded that with "sufficient" force, the chocking system would fail. Accordingly, some additional safety device was needed to secure the bundle, especially while a crane obviously having the potential to provide such a force was in close proximity to the bundle.

Notwithstanding the foregoing, the cross motion should have been granted to the extent it sought dismissal of the complaint as against defendant Highrise. The record supports defendants' assertion that Highrise was not the owner or general contractor, nor the agent of either, which would be necessary for bringing it within the purview of section 240 (1) (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 292-293 [2003]; *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318 [1981]). Concur—Mazzarelli, J.P., Catterson, Moskowitz, Richter and Manzanet-Daniels, JJ.