■ Bernard Verdon et al., Respondents, v Port Authority of New York and New Jersey et al., Appellants, et al., Defend-

ants. PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Third-Party Plaintiffs-Respondents, et al., Third-Party Plaintiffs, v U.S. LUMBER, INC., et al., Third-Party Defendants-Appellants. PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Second Third-Party Plaintiffs-Respondents, et al., Second Third-Party Plaintiffs, v LOUIS J. GRASMICK LUMBER COMPANY, INC., Second Third-Party Defendant-Appellant. [977 NYS2d 4]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered January 22, 2013, which, to the extent appealed from, granted plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) claim, denied third-party defendants' and second third-party defendant's motions for summary judgment dismissing the third-party and second third-party complaints, unanimously modified, on the law, to grant third-party defendants' and second third-party defendant's motions, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the third-party and second third-party complaints.

Plaintiff testified that he was injured when the guardrail on the trailing platform on which he was working broke and he fell 14 feet and landed on rebar. This evidence establishes prima facie a violation of Labor Law § 240 (1), since the protective device, i.e., the guardrail, " 'proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person' " (see Runner v New York Stock Exch., Inc., 13 NY3d 599, 604 [2009] [emphasis deleted], quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]). Plaintiff was not required to prove that the guardrail was defective (see Hamill v Mutual of Am. Inv. Corp., 79 AD3d 478, 479 [1st Dept 2010]).

Contrary to defendants' contention, the fact that plaintiff's accident was unwitnessed presents no bar to summary judgment in his favor (see e.g. Marrero v 2075 Holding Co. LLC, 106 AD3d 408, 410 [1st Dept 2013]). The evidence in the record is sufficient to permit the conclusion that plaintiff fell from an elevated position (cf. Manna v New York City Hous. Auth., 215 AD2d 335 [1st Dept 1995] [summary judgment denied to plaintiff, sole witness to accident, who testified that falling cinder block cut his head, where no broken pieces of cinder block were found at the scene]).

We reject defendants' argument that the independent intervening act of the contact between the skip box and the mid-rail was a superseding cause that relieves them of liability

(*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562 [1993]). It was foreseeable that the skip box would strike the wooden mid-rail as it was hoisted by a crane and moved on and off the trailing platform (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]; *see Harris v 170 E. End Ave., LLC*, 71 AD3d 408 [1st Dept 2010], *lv dismissed* 15 NY3d 911 [2010]).

Third-party and second third-party defendants (the lumber suppliers) showed that the circumstantial evidence through which defendants sought to prove the identity of the supplier of the lumber used to construct the guardrail was insufficient to establish a "reasonable probability" that one of them was the supplier (*see Healey v Firestone Tire & Rubber Co.*, 87 NY2d 596, 603 [1996]). The evidence establishes that the lumber received at the construction site from each of the lumber suppliers was not stored separately and that the lumber used to build the guardrails on the trailing platform was taken from stockpiles of lumber that were not designated by the supplier. Moreover, while certain markings on the broken lumber would have made identification of the particular supplier possible, defendants apparently discarded the broken lumber before the suppliers were able to inspect it, and the photographs taken of the broken lumber immediately after the accident do not reveal discernible markings. Defendants failed to raise an issue of fact in opposition, since their evidence establishes only that the two-by-four lumber used at the construction site was obtained from all three lumber suppliers.

U.S. Lumber's fact-based argument that defendants should be sanctioned for failing to preserve the lumber so the parties could inspect it is unpreserved (*see Ervin v Consolidated Edison of N.Y.*, 93 AD3d 485 [1st Dept 2012]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Friedman, J.P., Renwick, Freedman and Feinman, JJ.