■ Paul Giordano, Appellant-Respondent, et al., Plaintiff, v Tishman Construction Corp., Respondent-Appellant. [59 NYS3d 28]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered January 15, 2016, which, to the extent appealed from as limited by the briefs, granted defendant's motion for renewal and reargument and thereupon denied plaintiffs' underlying cross motion for partial summary judgment on the Labor Law §§ 240 (1) and 241 (6) claims and adhered to the prior determination denying defendant's motion for summary judgment dismissing those claims, unanimously affirmed, without costs.

"[T]he fact that a worker falls at a construction site, in itself, does not establish a violation of Labor Law § 240 (1)," and

when "there are questions of fact as to whether the [structure] provided adequate protection," summary judgment is not warranted (*O'Brien v Port Auth. of N.Y. & N.J.*, 29 NY3d 27, 33 [2017]). In this case, plaintiff Paul Giordano fell 30 feet from scaffolding during construction on the Freedom Tower at 1 World Trade Center, when he stepped on a pipe brace that suddenly gave way. Although he was wearing a harness and double lanyard, the record presents issues of fact as to whether the scaffolding itself provided adequate anchoring points at which to tie off, and whether Giordano could have used his double lanyard to remain tied off at all times. Thus, under these circumstances, summary judgment to either party on the Labor Law § 240 (1) claim, and the section 241 (6) claim premised on a violation of Industrial Code (12 NYCRR) § 23-1.16, is precluded by issues of fact as to whether Giordano was provided with "proper fall protection, namely, an appropriate place to . . . attach his harness" (*cf. Anderson v MSG Holdings, L.P.*, 146 AD3d 401, 402, 403 [1st Dept 2017] [finding that defendants failed to "sufficiently refute( ) plaintiff's testimony that there was no place for him to tie off the harness"]; *Hoffman v SJP TS, LLC*, 111 AD3d 467, 467 [1st Dept 2013] [finding that "while plaintiff was wearing his safety harness, there was no appropriate anchorage point to which the lanyard could have been tied-off"]; *Miglionico v Bovis Lend Lease, Inc.*, 47 AD3d 561, 565 [1st Dept 2008] [determining that "defendants failed to come forward with evidence to rebut plaintiff's expert's conclusion" and that none of defendants' witnesses "indicate(d) that there was an adequate 5,000-pound anchorage point available to plaintiff while he was performing the work in question"]). Because there are issues of fact as to whether Labor Law § 240 (1) was violated, the issue of whether Giordano was the sole proximate cause of the accident (because he unhooked his lanyard) cannot be determined as a matter of law (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]).

The court, in this case, providently exercised its discretion in granting defendant's motion for renewal and reargument (*see generally Mejia v Nanni*, 307 AD2d 870, 871 [1st Dept 2003]; *Scannell v Mt. Sinai Med. Ctr.*, 256 AD2d 214 [1st Dept 1998]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Friedman, J.P., Sweeny, Moskowitz, Gische and Kapnick, JJ.