In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated February 5, 2015, as granted that branch of the plaintiff’s motion which was for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action, and denied those branches of their cross motion which were for summary judgment dismissing the Labor Law § 240 (1) cause of action and so much of the Labor Law § 241 (6) cause of action as was predicated on a violation of Industrial Code (12 NYCRR) § 23-1.16 (b).
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 The plaintiff, a demolition worker employed by a subcontractor hired by the defendant RD2 Demolition and Construction, LLC, which was itself a subcontractor, allegedly was injured when he fell from a scaffold while working on a building renovation project. Prior to the accident, the plaintiff, who had been assigned to remove windows from the third floor of the building, was standing on a six-foot scaffold without guardrails, and was wearing a harness and a lifeline which he tied to a wooden column of the building. The plaintiff cut a large piece of iron window frame and threw it to the ground, and the piece struck the scaffold on the way down. The scaffold allegedly moved, causing the plaintiff to lose his balance, jump from the scaffold, and fall to the ground. The lifeline did not arrest his fall because it was too long.
 

 The plaintiff commenced this action against, among others, the owner of the building and the general contractor on the project, alleging, inter alia, violations of Labor Law §§ 240 (1) and 241 (6). After issue was joined, the plaintiff moved for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action and so much of the Labor Law § 241 (6) cause of action as was predicated on a violation of Industrial Code (12 NYCRR) § 23-1.16 (b). Thereafter, the defendants cross-moved, inter alia, for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action. The Supreme Court, inter alia, granted that branch of the plaintiffs motion which was for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action, and denied those branches of the defendants’ cross motion which were for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action. The defendants appeal.
 

 Labor Law § 240 (1) imposes a nondelegable duty upon owners and general contractors, and their agents, to provide safety devices necessary to protect workers from the risks inherent in elevated work sites (see Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 96 [2015]; Alvarez v Vingsan L.P., 150 AD3d 1177, 1179 [2017]). The availability of a particular safety device will not preclude liability “if the device alone is not sufficient to provide safety without the use of additional precautionary devices or measures” (Nimirovski v Vornado Realty Trust Co., 29 AD3d 762, 762 [2006] [internal quotation marks omitted]). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 240 (1) cause of action by demonstrating that he was injured when he fell from a scaffold and that he was not provided with adequate safety equipment to prevent him from falling (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287 [2003]; Gordon v Eastern Ry. Supply, 82 NY2d 555, 561 [1993]; Bland v Manocherian, 66 NY2d 452, 461 [1985]; Vasquez-Roldan v Two Little Red Hens, Ltd., 129 AD3d 828, 829 [2015]; Nimirovski v Vornado Realty Trust Co., 29 AD3d at 762).
 

 In opposition, the defendants failed to raise a triable issue of fact. Contrary to the defendants’ contention, they did not raise a triable issue of fact as to whether the conduct of the plaintiff was the sole proximate cause of the accident (see Melchor v Singh, 90 AD3d 866, 867 [2011]; Nimirovski v Vornado Realty Trust Co., 29 AD3d at 762; deSousa v Dayton T. Brown, Inc., 280 AD2d 447, 448 [2001]). The defendants also failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing that cause of action. Accordingly, the Supreme Court properly granted that branch of the plaintiffs motion which was for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action, and denied that branch of the defendants’ cross motion which was for summary judgment dismissing that cause of action.
 

 “Labor Law § 241 (6) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide reasonable and adequate protection and safety for workers, and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor” (Norero v 99-105 Third Ave. Realty, LLC, 96 AD3d 727, 727-728 [2012]; see Morris v Pavarini Constr., 9 NY3d 47, 50 [2007]). To sustain a cause of action pursuant to Labor Law § 241 (6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code regulation that is applicable to the circumstances of the accident (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 878 [1993]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 502 [1993]). “Whether a regulation applies to a particular condition or circumstance is a question of law for the court” (Harrison v State of New York, 88 AD3d 951, 953 [2011]). Industrial Code (12 NYCRR) § 23-1.16 (b) is “sufficiently specific to sustain a claim under Labor Law § 241 (6)” (Anderson v MSG Holdings, L.P., 146 AD3d 401, 404 [2017], citing Jerez v Tishman Constr. Corp. of N.Y., 118 AD3d 617, 618 [2014]). Here, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law, as their submissions failed to eliminate all triable issues of fact as to whether the plaintiff was provided with adequate protection to prevent him from falling (see Giordano v Tishman Constr. Corp., 152 AD3d 470, 471 [2017]; Drago v New York City Tr. Auth., 227 AD2d 372, 373 [1996]). Accordingly, the Supreme Court properly denied that branch of their cross motion which was for summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was predicated on a violation of Industrial Code (12 NYCRR) § 23-1.16 (b) without regard to the sufficiency of the papers filed in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
 

 The defendants’ contention that the defendant RD2 Demolition and Construction, LLC, is not a statutory agent for the purpose of imposing liability against it pursuant to Labor Law §§ 240 (1) and 241 (6) is improperly raised for the first time on appeal (see D’Elia v City of New York, 81 AD3d 682, 685 [2011]).
 

 Dillon, J.R, Balkin, Hall and LaSalle, JJ., concur.