Moscati v Consolidated Edison Co. of N.Y., Inc. (2019 NY Slip Op 00112)





Moscati v Consolidated Edison Co. of N.Y., Inc.


2019 NY Slip Op 00112


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
JEFFREY A. COHEN, JJ.


2016-05760
 (Index No. 704985/13)

[*1]Michael Moscati, appellant, 
v
Consolidated Edison Company of New York, Inc., respondent, et al., defendants.


Sakkas, Cahn & Weiss, LLP, New York, NY (Matthew Sakkas of counsel), for appellant.
Gallo Vitucci Klar LLP, New York, NY (Kimberly A. Ricciardi of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered May 23, 2016. The order, insofar as appealed from, granted those branches of the motion of the defendant Consolidated Edison Company of New York, Inc., which were for summary judgment dismissing, insofar as asserted against it, the causes of action alleging common-law negligence and a violation of Labor Law § 200, and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon violations of Industrial Code §§ 23-4.2(a) and (c), 23-4.4(a), 23-9.4(c), and 23-9.5(a).
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant Consolidated Edison Company of New York, Inc., which were for summary judgment dismissing, insofar as asserted against it, the causes of action alleging common-law negligence and a violation of Labor Law § 200, and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon violations of Industrial Code §§ 23-4.2(a) and (c), 23-4.4(a), 23-9.4(c), and 23-9.5(a) are denied.
. The plaintiff was involved in a construction site accident in March 2013. At the time, the plaintiff was employed by D'Onofrio General Contractors Corp. and was working at a site owned by the defendant Consolidated Edison Company of New York, Inc. (hereinafter Con Ed). The accident occurred when the plaintiff was operating an excavator to remove from a creek bed pieces of timber that had previously formed a bulkhead. During the course of this work, the excavator slid or tipped into the creek.
The plaintiff commenced this action to recover damages for personal injuries against, among others, Con Ed. Con Ed subsequently moved, inter alia, for summary judgment dismissing, insofar as asserted against it, the causes of action to recover damages for common-law negligence and pursuant to Labor Law § 200, and so much of the cause of action pursuant to Labor Law § [*2]241(6) as was predicated upon alleged violations of Industrial Code §§ 23-4.2(a) and (c), 23-4.4(a), 23-9.4(c), and 23-9.5(a). The plaintiff appeals from so much of an order of the Supreme Court entered May 23, 2016, as granted those branches of Con Ed's motion.
Con Ed did not demonstrate its prima facie entitlement to judgment as a matter of law dismissing, insofar as asserted against it, so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon violations of 12 NYCRR 23-4.2(a) and (c), 23-4.4(a), 23-9.4(c), and 23-9.5(a). "Labor Law § 241(6) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide reasonable and adequate protection and safety for workers, and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (Norero v 99-105 Third Ave. Realty, LLC, 96 AD3d 727, 728; see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 878; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502). To prevail on a cause of action alleging a violation of Labor Law § 241(6), a plaintiff must establish the violation of an Industrial Code provision that sets forth specific, applicable safety standards, and that his or her injuries were proximately caused by such Industrial Code violation (see Comes v New York State Elec. & Gas Corp., 82 NY2d at 878; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 502; Yaucan v Hawthorne Vil., LLC, 155 AD3d 924, 926).
Con Ed did not demonstrate, prima facie, that Industrial Code § 23-4.2(c), which requires supervision for certain excavation work, was inapplicable here, nor did it demonstrate, prima facie, that this regulation was not violated (see Rodriguez v Trades Constr. Servs. Corp., 121 AD3d 962, 964; Payne v City of New Rochelle, 40 AD3d 608, 609; Davis v Manitou Constr. Co., 299 AD2d 927, 928). Further, Con Ed did not demonstrate, prima facie, that Industrial Code §§ 23-4.2(a) and 23-4.4(a), which require, inter alia, proper footing for certain work using excavators and similar equipment, were inapplicable here, or that these regulations were not violated in this case (see Cunha v Crossroads II, 131 AD3d 440, 440-442; Gonzalez v Perkan Concrete Corp., 110 AD3d 955, 957; see also Poalacin v Mall Props., Inc., 155 AD3d 900, 907). Con Ed also did not demonstrate, prima facie, that Industrial Code §§ 23-9.4(c), and 23-9.5(a), which require, inter alia, the use of shoring and/or temporary sheeting for certain excavation work, were inapplicable here, or that these regulations were not violated in this case (see Baker v Town of Niskayuna, 69 AD3d 1016, 1018; see also Ferreira v Village of Kings Point, 68 AD3d 1048, 1051). Further, Con Ed did not show that any alleged violations of the aforementioned regulations did not constitute a proximate cause of the occurrence (see Poalacin v Mall Props., Inc., 155 AD3d at 907; Quinn v Whitehall Props. II, LLC, 69 AD3d at 701). Any comparative negligence on the part of the plaintiff does not preclude liability founded upon a violation of Labor Law § 241(6) (see Quinn v Whitehall Props., II, LLC, 69 AD3d 599, 601; Owen v Schulmann Constr. Corp., 26 AD3d 362, 363). Therefore, we disagree with the Supreme Court's determination granting those branches of Con Ed's motion which were for summary judgment dismissing, insofar as asserted against it, so much of the Labor Law § 241(6) cause of action as was predicated upon violations of 12 NYCRR 23-4.2(a) and (c), 23-4.4(a), 23-9.4(c), and 23-9.5(a).
We also disagree with the Supreme Court's determination granting those branches of Con Ed's motion which were for summary judgment dismissing, insofar as asserted against it, the causes of action alleging common-law negligence and a violation of Labor Law § 200. Labor Law § 200 is a codification of the common-law duty imposed on owners, contractors, and their agents to provide workers with a safe place to work (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352; Annicaro v Corporate Suites, Inc., 98 AD3d 542, 544).
There are "two broad categories of actions that implicate the provisions of Labor Law § 200" (Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 50-51). The first category involves worker injuries arising out of alleged dangerous or defective conditions on the premises where the work is performed (see Grasso v New York State Thruway Auth., 159 AD3d 674, 678; Reyes v Arco Wentworth Mgt. Corp., 83 AD3d at 51; Chowdhury v Rodriguez, 57 AD3d 121, 128). In those circumstances, "[f]or liability to be imposed on the property owner, there must be evidence showing that the property owner either created a dangerous or defective condition, or had actual or constructive notice of it without remedying it within a reasonable time" (Reyes v Arco Wentworth [*3]Mgt. Corp., 83 AD3d at 51). "The second broad category of actions under Labor Law § 200 involves injuries occasioned by the use of dangerous or defective equipment at the job site" (id.). A property owner will be held liable under this category only if it possessed the authority to supervise or control the means and methods of the work (see id.; Ortega v Puccia, 57 AD3d 54, 61). The requisite supervision or control exists for Labor Law § 200 purposes when the property owner bears responsibility for the manner in which the work is performed (see Marquez v L & M Dev. Partners, Inc., 141 AD3d 694, 698). "The determinative factor is whether the party had the right to exercise control over the work, not whether it actually exercised that right'" (Johnsen v City of New York, 149 AD3d 822, 822, quoting Williams v Dover Home Improvement, 276 AD2d 626, 626).
Here, the plaintiff essentially alleges both that his injuries were caused by a dangerous condition on the premises—the narrow, sloping, and unshored work area abutting a creek—and by the manner in which the work was performed and the equipment used, including the failure to ensure that a "spotter"—a person serving as "another set of eyes" for the excavator operator—was used for the work. "[W]hen an accident is alleged to involve defects in both the premises and the equipment used at the work site, the property owner moving for summary judgment with respect to causes of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both liability standards" (Reyes v Arco Wentworth Mgt. Corp., 83 AD3d at 52; see Poalacin v Mall Props., Inc., 155 AD3d 900).
Contrary to Con Ed's contention, it did not demonstrate, prima facie, that it lacked notice of the allegedly dangerous premises condition as, inter alia, the papers submitted by Con Ed in support of its motion showed that it maintained a trailer at this site and employed a construction supervisor who was present at the site on the day of the occurrence, and Con Ed did not show that its representatives were unaware of the plans for excavation work in this area (see Wadlowski v Cohen, 150 AD3d 930, 931-932; Shaughnessy v Huntington Hosp. Assn., 147 AD3d 994, 998; Reyes v Arco Wenworth Mgmt. Corp., 83 AD3d at 52-54).
Con Ed also failed to demonstrate, prima facie, that it lacked the authority to supervise and control the work that resulted in the injury. In its contract with the plaintiff's employer, Con Ed reserved the authority to inspect ongoing work and halt work due to safety concerns or failure to comply with specifications. The contract required the plaintiff's employer to submit for approval a specific safety plan. The contract also authorized Con Ed to maintain an on-site representative, and its representative was present on the day of the occurrence. Under these circumstances, Con Ed did not show that it lacked the authority to supervise and control the work (see Poalacin v Mall Props., Inc., 155 AD3d at 908; Niewojt v Nikko Constr. Corp., 139 AD3d 1024, 1025; Seferovic v Atlantic Real Estate Holdings, LLC, 127 AD3d 1058, 1060-1061). Contrary to its further contention, Con Ed did not show that any failure to provide a safe work area or failure to supervise the work did not constitute a proximate cause of the occurrence given, inter alia, the narrow, unshored, and sloped work area and the lack of a spotter at the time of the accident (see Navarro v City of New York, 75 AD3d 590, 592; Schultz v Hi-Tech Constr. & Mgt. Servs., Inc., 69 AD3d 701, 701-702). Therefore, we disagree with the Supreme Court's determination granting those branches of Con Ed's motion which were for summary judgment dismissing, insofar as asserted against it, the common-law negligence and Labor Law § 200 causes of action.
LEVENTHAL, J.P., CHAMBERS, AUSTIN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court