True Health Pharmacy, Inc., a/a/o Amelia Garcia, Plaintiff-Respondent, 
against
Global Liberty Insurance Company of New York, Defendant-Appellant.
Defendant appeals from an order of the Civil Court of the City of New York, New York County (Louis L. Nock, J.), dated November 16, 2018, which granted plaintiff's motion for renewal and reargument, and thereupon denied defendant's motion for summary judgment.
Per Curiam.
Order (Louis L. Nock, J.), dated November 16, 2018, affirmed, with $10 costs.
Civil Court providently exercised its discretion in granting plaintiff's motion for renewal and reargument (see generally Giordano v Tishman Constr. Corp., 152 AD3d 470 [2017]). Plaintiff's failure to submit all of the original motion papers on its motion did not render the motion procedurally defective. CPLR 2221 does not specify the papers that must be submitted on a motion for reargument or renewal, and the decision whether to entertain the motion is within the sound discretion of the court (see Rostant v Swersky, 79 AD3d 456, 456-457 [2010]; see also TD Bank, N.A. v Mandia, 133 AD3d 590, 591 [2015]). Plaintiff provided the papers "necessary to the consideration of the questions involved" (CPLR 2214[c]).
We also agree with Civil Court that the conflicting medical opinions adduced by the parties sufficed to raise a triable issue as to the medical necessity of the compounded pain relieving cream prescribed for plaintiff's injuries (see Sloan v Global Liberty Ins. Co., 63 Misc 3d 138[A], 2019 NY Slip Op 50550[U] [App Term, 1st Dept 2019]; AP Diagnostic Med., P.C. v Chubb Indem. Ins. Co., 41 Misc 3d 126[A], 2013 NY Slip Op 51647[U] [App Term, 1st Dept 2013]; Doctor Richard Med., P.C. v Praetorian Ins. Co., 37 Misc 3d 128[A], 2012 NY Slip Op 51909[U] [App Term, 1st Dept 2012]). Plaintiff's affirming doctor's review of the assignor's medical records and relevant medical literature demonstrated his familiarity with plaintiff's condition and current treatment protocols, and provided a sufficient foundation for him to reliably opine outside of his area of specialization. A medical expert need not be a specialist in a [*2]particular field in order to render an opinion regarding accepted practices in that field (see Lopez v Gramuglia, 133 AD3d 424 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: June 19, 2019