Straughter v Thor Shore Parkway Devs., LLC (2021 NY Slip Op 06065)





Straughter v Thor Shore Parkway Devs., LLC


2021 NY Slip Op 06065


Decided on November 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 04, 2021

Before: Gische, J.P., Mazzarelli, Shulman, Pitt, Higgitt, JJ. 


Index No. 152839/14 595386/14 595049/15 595086/15 Appeal No. 14534 Case No. 2021-00101 

[*1]Jonathan Straughter et al., Plaintiffs,
v
Thor Shore Parkway Developers, LLC, et al., Defendants-Respondents, BJ's Wholesale Club, Inc., et al., Defendants-Respondents-Appellants.
B.R. Fries & Associates, LLC, Third-Party Plaintiff-Respondent-Appellant,
v
Canatal Steel, USA, Third-Party Defendant-Appellant-Respondent, Chartis Insurance Company of Canada, Third-Party Defendant. _ [And Other Third-Party Actions] Index Nos.


Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas P. Hurzeler of counsel), for appellant-respondent.
McMahon, Martine & Gallagher, LLP, Brooklyn (Andrew D. Showers of counsel), for respondents-appellants.
Morrison Mahoney LLP, New York (Saige Subick of counsel), for respondents.



Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about July 1, 2020, which, insofar as appealed from as limited by the briefs, granted plaintiff Jonathan Straughter's (plaintiff) motion for summary judgment on the Labor Law § 240(1) claim and the Labor Law § 241(6) claim predicated on a violation of Industrial Code (12 NYCRR) § 23-1.16 as against defendants B.R. Fries & Associates, LLC (Fries) and BJ's Wholesale Club, Inc. (Wholesale), granted Fries's motion for summary judgment on its contractual indemnification claim against third-party defendant Canatal Steel, USA, and granted Thor Shore Parkway Developers, LLC's (Thor) motion for summary judgment on its contractual indemnification cross claim against Fries, unanimously modified, on the law, to deny plaintiff's motion, and, upon a search of the record, to grant Wholesale's motion for summary judgment on its contractual indemnification claim against Canatal, and otherwise affirmed, without costs.
Conflicting evidence as to the availability of safety devices on the construction site on the day of plaintiff's accident precludes summary judgment on the Labor Law §§ 240(1) and 241(6) claims (see Giordano v Tishman Constr. Corp., 152 AD3d 470 [1st Dept 2017]; Cordeiro v TS Midtown Holdings, LLC, 87 AD3d 904 [1st Dept 2011]).
The court correctly granted Fries's motion for summary judgment on its contractual indemnification claim against Canatal and Thor's motion for summary judgment on its contractual indemnification claim against Fries. In support of its claim, Fries was not required to prove that it lacked authority to supervise and control the work (see Batlle v NY Devs. & Mgt., Inc., 193 AD3d 562 [1st Dept 2021]). Upon a search of the record, we grant Wholesale's motion for summary judgment on its contractual indemnification claim against Canatal, pursuant to the same contractual provision that supports Fries's claim, which names Wholesale as an indemnitee. The contractual provision on which Thor based its cross claim against Fries was not limited to negligence (see e.g. Ging v F.J. Sciame Constr. Co., Inc., 193 AD3d 415, 418 [1st Dept 2021]). We decline to consider Fries's unpreserved argument based on a predecessor to the provision at issue, since it is not a purely legal argument apparent on the face of the record but depends on facts not brought to Thor's attention on the motion (see Ramirez v Almah, LLC, 169 AD3d 508, 509 [1st Dept 2019]). In any event, since the provision at issue is unambiguous, extrinsic evidence of the parties' intent may not be considered (Bailey v Fish & Neave, 8 NY3d 523, 528 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 4, 2021