■ THOMAS P. MURRAY et al., Plaintiffs, v NIAGARA FRONTIER TRANSPORTATION AUTHORITY et al., Defendants. CONCEPT

CONSTRUCTION CORPORATION, Third-Party Plaintiff-Appellant, v T & T MURRAY COMPANY, INC., Third-Party Defendant-Respondent. [645 NYS2d 669] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying the motion of Concept Construction Corporation (Concept) for summary judgment based on common-law indemnification. Thomas P. Murray (plaintiff) sustained serious personal injuries while working as a construction foreman for third-party defendant T & T Murray Company, Inc. (T & T). Concept was the general contractor at the construction site. The accident occurred when plaintiff, who was standing outside the warning barriers installed on the roof by T & T employees, cut the metal straps on a bundle of lumber placed on the roof by Concept. When plaintiff cut the second strap, the lumber "exploded" outward, striking him in the chest and knocking him off the roof.

On a prior appeal, we held that Concept is vicariously liable for plaintiff's injuries based on its violation of Labor Law § 240 (1) (*Murray v Niagara Frontier Transp. Auth.*, 199 AD2d 984). Having been held vicariously liable, Concept is entitled to indemnification from T & T because there is no proof in the record that Concept controlled, directed or supervised the injury-producing work (*see, Sikorski v Springbrook Fire Dist.*, 225 AD2d 1041). The fact that Concept owned the lumber is insufficient to establish that it controlled, directed or supervised plaintiff's work (*see, DePuy v Sibley, Lindsay & Curr Co.*, 225 AD2d 1069; *Terranova v City of New York*, 197 AD2d 402, 403; *Smith v Cassadaga Val. Cent. School Dist.*, 178 AD2d 955, 956-957). The conclusory allegations of T & T's counsel that Concept was negligent in placing the lumber on the roof and in exposing the lumber to the elements are insufficient to defeat Concept's motion for summary judgment (*see generally, GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d 965, 967-968; *Zuckerman v City of New York*, 49 NY2d 557, 560).

We therefore modify the order by granting Concept's motion for summary judgment based on common-law indemnification. (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Lawton, J. P., Wesley, Doerr, Davis and Boehm, JJ.