■ BOLESLAUD MILEWSKI et al., Respondents, v BENNY CAIOLA, Doing Business as B.A.C. ENTERPRISES, INC., Defendant and Third-Party Plaintiff-Respondent. STALEY ELEVATOR COMPANY, INC., Third-Party Defendant-Appellant. [654 NYS2d 738] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered November 27, 1995, which, in an action under Labor Law § 240 (1) by plaintiff worker against defendant owner-general contractor, and a third-party action for common-law indemnification by the owner-general contractor against plaintiff's employer, an elevator subcontractor, granted plaintiff's and third-party plaintiff's motions for summary judgment on the issue of liability, unanimously affirmed, without costs.

Neither plaintiff's disregard of a co-worker's advice that the plank plaintiff was laying across the elevator shaft was unsafe, nor the conflicting deposition testimony concerning whether plaintiff was wearing a safety harness at the time of the accident, creates an issue of fact sufficient to support a recalcitrant worker defense (*see, Gordon v Eastern Ry. Supply*, 82 NY2d 555, 563; *Scorza v CBE, Inc.*, 231 AD2d 564; *Allan v Rochester Inst. of Technology*, 209 AD2d 929; *Koumianos v State of New York*, 141 AD2d 189). In any event, even if plaintiff could be deemed recalcitrant for not having used the harness, no issue exists that the failure to provide proper safety planking was a more proximate cause of the accident (*see, Gordon v Eastern Ry. Supply, supra*, at 562; *Aragon v 233 W. 21st*

*St.*, 201 AD2d 353; *Koumianos v State of New York, supra*). Concerning the third-party action, neither third-party plaintiff's periodic visits to the site to inspect the progress of the work (*see, Grant v Gutchess Timberlands*, 214 AD2d 909, 911; *Paterson v Hennessy*, 206 AD2d 919), nor the possibility that third-party plaintiff owned the defective plank (*see, Murray v Niagara Frontier Transp. Auth.*, 229 AD2d 1015), creates an issue of fact as to whether third-party plaintiff exercised the kind of supervision and control over the work as would defeat his claim for common-law indemnification. Concur—Sullivan, J. P., Rosenberger, Mazzarelli and Andrias, JJ.