█ HECTOR NEGRON et al., Respondents, v CITY OF NEW YORK, Appellant. [803 NYS2d 664]—

In an action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated March 23, 2004, as denied those branches of its motion which were for summary judgment dismissing the causes of action based on violations of Labor Law § 240 (1) and § 241 (6).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion which were to dismiss the causes of action based on violations of Labor Law § 240 (1) and § 241 (6) are granted, and the complaint is dismissed in its entirety.

On the morning of November 7, 2000, the plaintiff Hector Negron (hereinafter the plaintiff), an ironworker, was employed on a project involving the renovation of the Williamsburg Bridge. At some point in the course of the plaintiff's work, his foreman directed him to stop the task he had been performing and to hang fire-retardant blankets over the suspension cables of the bridge, to protect the bridge from sparks generated by demolition work. Accordingly, the plaintiff climbed on top of the dumpster in which he had been working, and, before engaging in the new assignment, gave the end of a lanyard—which was attached to a harness he was wearing—to a coworker stationed above him. The coworker subsequently proceeded to tie the lanyard to a structural member of the bridge. While the plaintiff was "tied off" in that matter, he hung the blanket, by attaching one corner to the bridge and securing it with a C-clamp. He then handed the other end of the blanket to the coworker

stationed above him, who pulled on it to make the blanket taut. After completing the task, the plaintiff requested that his coworker "cut [him] loose," since he was intending to climb down from the top of the dumpster. However, after the coworker untied the lanyard, instead of alighting from the dumpster, the plaintiff grabbed the clamp again to make sure that it had not been loosened when the coworker pulled the blanket taut. Upon doing so, the clamp snapped, causing the plaintiff to lose his balance and fall off the top of the dumpster.

The plaintiffs thereafter commenced the present action against the defendant to recover damages for personal injuries based on common-law negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6). The defendant subsequently moved for summary judgment dismissing the complaint. The Supreme Court granted those branches of the motion which were for summary judgment dismissing the causes of action based on common-law negligence and violation of Labor Law § 200, and denied those branches of the motion which were for summary judgment dismissing the causes of action based on violations of Labor Law § 240 (1) and § 241 (6).

To impose liability upon the defendant for violations of Labor Law § 240 (1) and § 241 (6), the violations must constitute a proximate cause of the accident (*see Misirlakis v East Coast Entertainment Props.*, 297 AD2d 312 [2002]; *George v State of New York*, 251 AD2d 541 [1998]; *Montgomery v Federal Express Corp.*, 4 NY3d 805 [2005]; *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35 [2004]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280 [2003]). In this case, the defendant's alleged violations of Labor Law § 240 (1) and § 241 (6) were not the proximate cause of the accident. To the contrary, the sole proximate cause of the accident in this case was the failure on the part of the plaintiff to have himself again tied to the lanyard before attempting to ascertain that the blanket was properly secured (*see George v State of New York, supra*). Accordingly, the Supreme Court should have granted summary judgment dismissing the remaining causes of action. Adams, J.P., Mastro, Lifson and Lunn, JJ., concur.