■ JOZEF MONIUSZKO, Respondent, v CHATHAM GREEN, INC., Appellant. (And Other Actions.) [808 NYS2d 696]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated June 15, 2004, as granted the plaintiff's motion for summary judgment on the issue of liability under Labor Law § 240 (1) and denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Labor Law § 240 (1) imposes absolute liability on owners, contractors, and their agents for any breach of the statute that proximately causes a worker's injury (*see Panek v County of Albany*, 99 NY2d 452, 457 [2003]; *Bland v Manocherian*, 66 NY2d 452, 459 [1985]). Where, as here, the plaintiff made a prima facie showing of liability on a motion for summary judgment, the burden shifted to the defendant, the owner of the building, to present evidence sufficient to raise a triable issue of fact as to whether there was no statutory violation and the worker's own conduct was the sole proximate cause of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 [2003]; *Kijak v 330 Madison Ave. Corp.*, 251 AD2d 152 [1998]). Where, as here, the defendant failed to raise a genuine question of fact as to those issues, the plaintiff was entitled to summary judgment (*see Smith v Yonkers Contr. Co.*, 238 AD2d 501 [1997]).

Contrary to the defendant's contention, there was no evidence that the plaintiff was recalcitrant in the sense that he deliberately refused to use the available safety harness (*see Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562-63 [1993]). Although the plaintiff had temporarily removed his safety harness in order to mix mortar on the roof, the sole proximate cause of

the accident was a broken hook which caused the scaffold to fall when he was loading it with a bucket of cement (*see Smith v Yonkers Contr. Co., supra; Aragon v 233 W. 21st St.*, 201 AD2d 353 [1994]). Even if the plaintiff was partially at fault, a worker's contributory negligence is not a defense to a Labor Law § 240 (1) claim (*see Stolt v General Foods Corp.*, 81 NY2d 918 [1993]; *Kouros v State of New York*, 288 AD2d 566, 567 [2001]). Cozier, J.P., Goldstein, Fisher and Dillon, JJ., concur. [*See* 4 Misc 3d 1110(A), 2004 NY Slip Op 50543(U) (2004).]