■ ERIC BERRIOS, Respondent, v 735 AVENUE OF THE AMERICAS, LLC, et al., Appellants. [919 NYS2d 16]—

Defendants argue, for the first time on appeal, that Labor Law § 240 (1) is inapplicable to the facts of this case because there was no collapse of a scaffold. However, even if plaintiff was working on what would become a permanent part of the building, he was exposed to an elevation-related hazard; he is therefore entitled to the protection of the statute (*see e.g. John v Baharestani*, 281 AD2d 114, 119 [2001]). The I-beams, ribs, and plywood that, together with concrete, would become the second floor "served, conceptually and functionally, as an elevated platform or scaffold" (*Becerra v City of New York*, 261 AD2d 188, 189 [1999]). Since "sound scaffolds . . . do not simply break apart" (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 286 [2003]), plaintiff met his initial burden on his

motion by showing that the I-beam flipped, causing him to fall (*see Szpakowski v Shelby Realty, LLC*, 48 AD3d 268, 269 [2008], *lv denied* 12 NY3d 708 [2009]; *Aragon v 233 W. 21st St.*, 201 AD2d 353, 354 [1994]). In addition, it is undisputed that there were no safety rails or netting on the day and at the site of plaintiff's accident (*see Laquidara v HRH Constr. Corp.*, 283 AD2d 169 [2001]).

Defendants argue that there is a triable issue of fact as to the availability of safety harnesses (*see Gallagher v New York Post*, 55 AD3d 488, 490 [2008], *revd* 14 NY3d 83 [2010]; *but see Milewski v Caiola*, 236 AD2d 320 [1997]). However, defendant general contractor admitted that there was no location to which a harness could have been tied. Therefore, defendants failed to raise the inference that plaintiff's failure to use a safety harness was the sole proximate cause of his injury (*see Miglionico v Bovis Lend Lease, Inc.*, 47 AD3d 561, 564-565 [2008]). The affirmation of defendants' attorney, asserting that there were places to which a safety harness could have been tied, is entitled to no evidentiary weight (*see Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]). Finally, even if plaintiff could be found recalcitrant for failing to use a harness, defendants' "failure to provide proper safety [equipment] was a more proximate cause of the accident" (*see Milewski*, 236 AD2d at 320; *see also Blake*, 1 NY3d at 290). Concur—Gonzalez, P.J., Tom, Acosta, Richter and Román, JJ.