■ WILSON HOMERO GARZON, Appellant, et al., Plaintiff, v ANNA L. VIOLA et al., Respondents, et al., Defendant. [2 NYS3d 522]—

In an action to recover damages for personal injuries, etc., the

plaintiff Wilson Homero Garzon appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated February 20, 2013, as denied his motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action insofar as asserted against the defendant Anna L. Viola, and granted that branch of the cross motion of the defendants Anna L. Viola and Anthony Viola which was for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff Wilson Homero Garzon's motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action insofar as asserted against the defendant Anna L. Viola is granted, and that branch of the cross motion of the defendants Anna L. Viola and Anthony Viola which was for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action is denied.

The Supreme Court should have granted the appellant's motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action insofar as asserted against the defendant Anna L. Viola. The appellant established, prima facie, that the statute was violated and that the violation was a proximate cause of his injuries (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 [2003]; Perla v Daytree Custom Bldrs., Inc., 119 AD3d 758 [2014]). There is no dispute that the scaffold upon which the appellant was required to work lacked rails on the sides. Thus, the scaffold was not "so constructed, placed and operated as to give proper protection" (Labor Law § 240 [1]; see Labor Law § 240 [2]; Macedo v J.D. Posillico, Inc., 68 AD3d 508 [2009]). Moreover, the record indicates that the scaffold tipped when a coworker failed to hold the rope that was used to raise the scaffold platform, causing the appellant to fall. In opposition, Anna L. Viola failed to raise a triable issue of fact either as to a violation of the statute or as to the appellant being the sole proximate cause of the accident (see Moniuszko v Chatham Green, Inc., 24 AD3d 638 [2005]; Smith v Yonkers Contr. Co., 238 AD2d 501 [1997]). Contrary to Anna L. Viola's contention, there was no evidence that the appellant was recalcitrant in the sense that he deliberately refused to use a safety harness, since there were no building hooks to which the harness could be attached (see Moniuszko v Chatham Green, Inc., 24 AD3d at 638-639; Milewski v Caiola, 236 AD2d 320 [1997]). Even if the appellant was partially at fault for not attaching his harness to a parapet, a worker's comparative

negligence is not a defense to a claim based on Labor Law § 240 (1) (*see Stolt v General Foods Corp.*, 81 NY2d 918 [1993]; *Gabrus v New York City Hous. Auth.*, 105 AD3d 699, 700 [2013]; *Moniuszko v Chatham Green, Inc.*, 24 AD3d 638 [2005]; *Kouros v State of New York*, 288 AD2d 566 [2001]). Moreover, the appellant's conduct cannot be found the sole proximate cause of the accident, as there is no question that the scaffold on which he was standing collapsed from under his feet.

The Supreme Court improperly granted that branch of the cross motion of the defendants Anna L. Viola and Anthony Viola (hereinafter together the respondents) which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against them. The respondents, who owned the subject real property, made a prima facie showing that they did not have the authority to supervise or control the manner in which the appellant performed his work. In opposition, however, the appellant raised a triable issue of fact as to the extent of the respondents' supervision and control (*see Ortega v Puccia*, 57 AD3d 54, 63 [2008]).

We decline the appellant's request to search the record and award him summary judgment on his Labor Law § 241 (6) cause of action.

The parties' remaining contentions either are without merit or have been rendered academic by our determination. Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.