Munzon v Victor at Fifth, LLC (2018 NY Slip Op 03852)





Munzon v Victor at Fifth, LLC


2018 NY Slip Op 03852


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2016-09779
 (Index No. 21838/12)

[*1]Juan P. Munzon, respondent-appellant, 
v
Victor at Fifth, LLC, et al., appellants-respondents.


Armienti, DeBellis, Guglielmo & Rhoden, LLP (Carol R. Finocchio, New York, NY, of counsel), for appellants-respondents.
Jacob Oresky & Associates, PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal, and the plaintiff cross-appeals, from a judgment of the Supreme Court, Queens County (Janice A. Taylor, J.), entered August 1, 2016. The judgment, insofar as appealed from, upon an order of the same court (Timothy J. Dufficy, J.), entered November 30, 2015, granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action, and denying those branches of the defendants' motion which were for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action, and upon a jury verdict, is in favor of the plaintiff and against the defendants in the total sum of $2,251,663.07. The judgment, insofar as cross-appealed from, is in favor of the plaintiff and against the defendants in the principal sums of only $80,000 for past pain and suffering and $629,000 for future pain and suffering.
ORDERED that the judgment is affirmed, without costs or disbursements.
The plaintiff, a laborer employed by Red Hook Construction Group I, LLC, allegedly was injured when he fell from a wooden beam in the course of the demolition of a building owned
by the defendant Victor at Fifth, LLC. Prior to the accident, the plaintiff had been in the process of removing the floor of the fourth story of the subject building. That morning, the plaintiff had put on his safety harness, which he attached to a cable safety line, as instructed by his employer that morning. A coworker requested the plaintiff's help in removing debris consisting of metal beams that were too heavy for one person to move. The plaintiff detached the harness from the safety line, because the safety line was not long enough to allow him to reach his coworker. While the plaintiff was helping his coworker move the first metal beam to throw it down to the third floor, in the manner in which they had been instructed by their employer, the end of the metal beam that the coworker was holding hit part of a wood beam on which the plaintiff was standing. The metal beam caused the wood beam on which the plaintiff was standing to move and the plaintiff to fall through the partially demolished fourth floor to the third floor.
The plaintiff commenced this action against Victor at Fifth, LLC, and the general contractor/construction manager on the project (hereinafter together the defendants) alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6). The plaintiff moved, among other things, for [*2]summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. The defendants moved, inter alia, for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action. In an order entered November 30, 2015, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action, and denied those branches of the defendants' motion which were for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action. A trial was subsequently held on the issue of damages. After the trial on damages, a judgment was entered in favor of the plaintiff. The defendants appeal, and the plaintiff cross-appeals, from the judgment.
The appeal from the judgment brings up for review the order entered November 30, 2015 (see Munzon v Victor at Fifth, LLC, ____AD3d____ [Appellate Division Docket No. 2015-12528; decided herewith]).
Labor Law § 240(1) imposes a nondelegable duty upon owners and general contractors, and their agents, to provide safety devices necessary to protect workers from the risks inherent in elevated work sites (see Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 96). The availability of a particular safety device will not preclude liability "if the device alone is not sufficient to provide safety without the use of additional precautionary devices or measures" (Nimirovski v Vornado Realty Trust Co., 29 AD3d 762, 762 [internal quotation marks omitted]; see Yaucan v Hawthorne Vil., LLC, 155 AD3d 924, 925). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 240(1) cause of action. The plaintiff demonstrated that he was injured when a metal beam that he and his coworker were in the process of discarding struck the wooden beam on which the plaintiff was standing, causing the wooden beam to move. The plaintiff fell through the partially demolished fourth floor, from which he and his coworker were removing the metal beams, to the third floor. The plaintiff was not provided with adequate safety equipment to prevent him from falling (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287; Garzon v Viola, 124 AD3d 715, 716; Melchor v Singh, 90 AD3d 866, 868). In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact as to whether there was a statutory violation and whether the plaintiff's own conduct was the sole proximate cause of the accident (see Poracki v St. Mary's R.C. Church, 82 AD3d 1192, 1195; Tabickman v Batchelder St. Condominiums By Bay, LLC, 52 AD3d 593, 595; Santo v Scro, 43 AD3d 897, 898-899; see also Garzon v Viola, 124 AD3d at 716; Walls v Turner Constr. Co., 10 AD3d 261, 262, affd 4 NY3d 861, 864; Garzon v Viola, 124 AD3d at 716; Milewski v Caiola, 236 AD2d 320, 320; cf. Guaman v City of New York, 158 AD3d 492). Accordingly, we agree with the Supreme Court's determination granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action, and denying that branch of the defendants' motion which was for summary judgment dismissing that cause of action.
On the appeal from the judgment, the defendants contend that the amounts awarded by the jury for future pain and suffering and future medical expenses were excessive. On the cross appeal, the plaintiff contends that the awards for past and future pain and suffering were unreasonably low. The amount of compensation to be awarded to an injured person is a question of fact to be resolved by the trier of fact and will only be disturbed when it deviates materially from what would be reasonable compensation (see Cramer v Benedictine Hosp., 301 AD2d 924, 930).
Taking into account the extent of the plaintiff's injuries, his young age at the time of injury, and the amounts awarded for future pain and suffering in cases involving similar injuries (see Luna v New York City Tr. Auth., 116 AD3d 438; Vainer v DiSalvo, 107 AD3d 697; Purkiss-Riddle v New York City Tr. Auth., 89 AD3d 1001; Diaz v City of New York, 80 AD3d 425; Smith v Manhattan & Bronx Surface Tr. Operating Auth., 58 AD3d 552; Adames v Awad, 47 AD3d 737; Urbina v 26 Ct. St. Assoc., LLC, 46 AD3d 268; Van Ness v N.Y. City Transit Auth., 288 AD2d 374), the award of $629,000 for future pain and suffering did not deviate materially from what would be reasonable compensation.
The award of $216,000 for future medical expenses was based on legally sufficient evidence and was not against the weight of the evidence. The plaintiff proffered competent evidence establishing, with reasonable certainty, the need for and cost of medical care. The evidence provided [*3]by the plaintiff's treating physician was not purely speculative (see Starkman v City of Long Beach, 148 AD3d 1070; Peat v Fordham Hill Owners Corp., 110 AD3d 643), and the jury was entitled to credit that testimony (see Waring v Sunrise Yonkers SL, LLC, 134 AD3d 488; Coleman v City of New York, 87 AD3d 401). The award for future medical expenses did not deviate materially from what would be reasonable compensation.
The parties' remaining contentions are without merit.
AUSTIN, J.P., ROMAN, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court