Rubio v New York Proton Mgt., LLC (2021 NY Slip Op 01342)





Rubio v New York Proton Mgt., LLC


2021 NY Slip Op 01342


Decided on March 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 04, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Shulman, JJ. 


Index No. 155828/17 Appeal No. 13269 Case No. 2020-04535 

[*1]Manuel Rubio et al., Plaintiffs-Respondents,
v
New York Proton Management, LLC, et al., Defendants-Appellants.


Brody, O'Connor & O'Connor, New York (Scott A. Brody of counsel), for appellants.
Sacks and Sacks, LLP, New York (Scott N. Singer of counsel), for respondents.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on April 21, 2020, which granted plaintiffs' motion for partial summary judgment as to liability on the Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff Manuel Rubio established prima facie defendants' violation of Labor Law § 240(1), as he showed that a plywood sheet covering a three-foot deep trench at the construction site where he was working gave way when he walked across it, causing him to fall into the trench below and suffer injury. The unsecured plywood sheet through which plaintiff fell was an inadequate safety device (see Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc., 104 AD3d 446, 450 [1st Dept 2013]; Correia v Professional Data Mgt., 259 AD2d 60, 63 [1st Dept 1999]). The motion court properly rejected defendants' argument that plaintiff was not exposed to a gravity-related risk that required protection under the statute. The gravity-related risk was the three-foot deep trench, and the unsecured plywood sheet placed over it was inadequate, because it gave way, and failed to protect plaintiff from injury (see Alonzo, 104 AD3d at 449-450; O'Connor v Lincoln Metrocenter Partners, 266 AD2d 60, 61 [1st Dept 1999]).
Contrary to defendants' argument, to establish his prima facie claim under the statute, plaintiff was not obligated to set forth the type of safety device that should have been provided, or submit expert proof, where it was undisputed that the supplied safety device failed, in violation of the statute (see Ortega v City of New York, 95 AD3d 125, 128-129 [1st Dept 2012]). Notably, defendants presented no proof to show that the unsecured plywood sheet covering the trench provided plaintiff adequate protection, or that he was solely responsible for his accident (cf. Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289-290 [2003]). Defendants' claim that a harness was readily available is insufficient to establish that plaintiff was the sole proximate cause of his injury, as there is no evidence that he was instructed or expected to use a harness while working on what was supposed to be a properly planked and secure floor (see Gallagher v New York Post, 14 NY3d 83, 88-89 [2010]; Correia, 259 AD2d at 63). In any event, any failure on plaintiff's part cannot be considered the sole proximate cause of his injury (see Berrios v 735 Ave. of the Ams., LLC, 82 AD3d 552, 553 [1st Dept 2011]; Milewski v Caiola, 236 AD2d 320, 320-321 [1st Dept 1997]).
Further, defendants failed to raise an issue of fact as to the plywood sheet's inadequacy. It is undisputed that the plywood sheet was not secured and was not the heavy-duty one-inch kind of covering that defendants admitted should have been used. Nor is it relevant that plaintiff's account of his accident was not corroborated by eyewitness testimony, because defendants failed to raise a triable issue refuting plaintiff's prima facie case, or challenging his credibility (see Klein [*2]v City of New York, 89 NY2d 833, 834-835 [1996]; Gonzalez v 1225 Ogden Deli Grocery Corp., 158 AD3d 582 [1st Dept 2018]).
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2021