Amaro v New York City Sch. Constr. Auth. (2024 NY Slip Op 04052)

Amaro v New York City Sch. Constr. Auth.

2024 NY Slip Op 04052

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2023-02067
 (Index No. 710342/20)

[*1]Oscar Amaro, et al., appellants, 
v
New York City School Construction Authority, et al., respondents.

Sanocki Newman & Turret, LLP, New York, NY (Carl B. Tegtmeier of counsel), for appellants.
Milber Makris Plousadis & Seiden, LLP, Purchase, NY (James K. Baden of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), dated January 5, 2023. The order denied the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) is granted.
The plaintiffs commenced this action to recover damages for personal injuries allegedly sustained by the plaintiff Oscar Amaro (hereinafter the injured plaintiff) when he was traversing a scaffold and a wooden plank he stepped onto broke, causing him to fall. At his deposition, the injured plaintiff testified that, at the time of his accident, he was wearing a safety harness with a lanyard attached. A coworker of the injured plaintiff had asked for assistance and materials to affix the scaffold to a particular wall. The injured plaintiff testified that he did not tie the lanyard to the scaffold frame while walking on the scaffold to his coworker because he was carrying a pipe in one hand and a clamp in the other, and therefore was not able to unhook and rehook the 4-foot long lanyard to travel the 20-foot distance to the wall. When the injured plaintiff was approximately five feet away from his coworker, the wooden plank he stepped on broke, causing him to fall.
The plaintiffs moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). In an order dated January 5, 2023, the Supreme Court denied the plaintiffs' motion, concluding that triable issues of fact existed as to whether the injured plaintiff's failure to tie his lanyard to the scaffold frame was the sole proximate cause of his injuries and whether the injured plaintiff was a recalcitrant worker. The plaintiffs appeal.
"Labor Law § 240(1) requires contractors to provide appropriate safety devices for the protection of workers engaging in labor that involves elevation-related risks" (Santiago v Hanley Group, Inc., 216 AD3d 833, 833-834). "To prevail on a cause of action alleging a violation of Labor [*2]Law § 240(1), a plaintiff must show, prima facie, that the defendant violated the statute and that such violation was a proximate cause of his or her injuries" (Lochlan v H & H Sons Home Improvement, Inc., 216 AD3d 630, 632).
"Although comparative fault is not a defense to the strict liability of [Labor Law § 240(1)], where the plaintiff is the sole proximate cause of his or her own injuries, there can be no liability under Labor Law § 240(1)" (Lojano v Soiefer Bros. Realty Corp., 187 AD3d 1160, 1162). "A plaintiff may be the sole proximate cause of his or her own injuries when, acting as a recalcitrant worker, he or she (1) had adequate safety devices available, (2) knew both that the safety devices were available and that [he or she was] expected to use them, (3) chose for no good reason not to do so, and (4) would not have been injured had [he or she] not made that choice" (Iannaccone v United Natural Foods, Inc., 219 AD3d 819, 820 [internal quotation marks omitted]; see Biaca-Neto v Boston Rd. ll Hous. Dev. Fund Corp., 34 NY3d 1166, 1167-1168).
Here, the plaintiffs established, prima facie, that Labor Law § 240(1) was violated and that the violation was a proximate cause of the injured plaintiff's injuries. The undisputed evidence established that the injured plaintiff was subjected to the elevation-related risk of the wooden plank which broke suddenly, causing the injured plaintiff to fall (see Mejia v 69 Mamaroneck Rd. Corp, 203 AD3d 815, 817-818; Rapalo v MJRB Kings Highway Realty, LLC, 163 AD3d 1023, 1024).
In opposition to the plaintiffs' prima facie showing, the defendants failed to raise a triable issue of fact as to whether the injured plaintiff's own conduct was the sole proximate cause of his injuries. Since the plaintiffs established a violation of Labor Law § 240(1) and that the violation was a proximate cause of the injured plaintiff's fall, the injured plaintiff's comparative negligence, if any, is not a defense to the cause of action alleging a violation of that statute (see Moniuszko v Chatham Green, Inc., 24 AD3d 638, 639). Further, the defendants did not present evidence that the injured plaintiff was recalcitrant in the sense that he was instructed to tie and untie his lanyard to traverse the scaffold and refused to do so (see id. at 638-639; Santiago v Hanley Group, Inc., 216 AD3d at 834).
Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
CONNOLLY, J.P., MALTESE, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court