Pena v 227 E. 45 LLC (2024 NY Slip Op 51034(U))

[*1]

Pena v 227 E. 45 LLC

2024 NY Slip Op 51034(U)

Decided on August 11, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 11, 2024
Supreme Court, Kings County

Benjamin Pena, Plaintiff,

against
227 East 45 LLC, MDB DEVELOPMENT CORP., A&E TELEVISION NETWORKS, LLC and A&E NETWORK LLC, Defendants.
227 EAST 45 LLC and A&E TELEVISION NETWORKS, LLC, Third-Party Plaintiffs,
against
EVEREST SCAFFOLDING INC., RHG MANPOWER INC., and SKY STRUCTURES CORP., Third-Party Defendants.

Index No. 513093/2019

Appearances at oral argument and numbered papers used on this motion:
Gorayeb & Associates, P.C., New York City (Jonathan D. Moran of counsel), for Plaintiff (NYSCEF Document Numbers 224-236, 279).
Law Offices of Shahab Katirachi, New York City (Curtis Gilfillan of counsel), for Defendants 227 East 45 LLC and A&E Television Networks, LLC (NYSCEF Document Numbers 245-252).
Ahmuty, Demers & McManus, New York City (Carl A. Formicola of counsel), for Defendant MDB Development Corp. (NYSCEF Document Numbers 262-263).
Furman Kornfeld & Brennan LLP, New York City (David Steinbruck of counsel) for Third-Party Defendant Everest Scaffolding Inc. (NYSCEF Document Numbers 253-261).

Aaron D. Maslow, J.

Introduction
In this action alleging violations of Labor Law provisions governing construction sites, Plaintiff Benjamin Pena (Plaintiff) seeks damages for personal injuries sustained while falling from an elevated work surface on June 4, 2019. Defendants in this action are 227 East 45 LLC, [*2]the property owner; A&E Television Networks, LLC, the lessee; and MDB Development Corp., the general contractor. The action was discontinued against Defendant A&E Network LLC. While it is stated in papers in this motion that Third-Party Defendant Everest Scaffolding Inc. (Third-Party Defendant), a subcontractor, was Plaintiff's employer, at oral argument it was disclosed that perhaps Plaintiff was employed by Third-Party Defendant RHG Manpower Inc. For purposes of the disposition of this motion, the identity of Plaintiff's employer is not dispositive.
Plaintiff and his co-workers had been in the process of removing OSHA planks that comprised the deck of a sidewalk bridge. Allegedly, while on the sidewalk bridge, as he was about to step onto a ladder to descend from the bridge — the ladder had been tied off to the sidewalk bridge — one of his feet stepped on an unsecured plank which flipped, causing him to fall onto a truck. Just before this occurred, Plaintiff had disconnected the lanyard of his safety harness from a safety cable that had stretched across nearly the entire length of the sidewalk bridge. Pertinent portions of Plaintiff's deposition testimony are as follows:
Q. So you were regularly reminded in the use of your harness, lanyard, and safety lines, when working from a height on a scaffold?
A. Yes, we were always made to be aware of that and inspectors would come around periodically, to remind us. (NYSCEF Doc No. 231 at 63, lines 5-8, 15-17.)
Q. Was your harness connected to any lanyards or safety lines while you were working on top of the sidewalk bridge?
A. Yes.
Q. Was your harness connected to any lanyards or safety lines at the time of the accident?
A. I had disconnected the line because I was climbing down to be able to start receiving the metal tubes.
Q. How long prior to the accident had that occurred?
A. Right at the same time as the accident. I had disconnected the line and 30 seconds later, while I was going down, that's when the accident happened. (Id. at 95, line 23, through 96, line 14.)
Q. How did you intend to get down to the ground from the top of the sidewalk bridge at the time that your accident happened?
A. When I disconnected the line and I was getting down, I stepped on one of the wooden planks that was disconnected and I was trying to get to the ladder so that I could climb down to the ground and the wooden plank flipped over and I lost my balance and I fell and I hit a truck. (Id. at 97, lines 5-15.)
Despite Plaintiff's claim that his harness lanyard "wasn't long enough to reach the ladder" (id. at 108, line 14), it was established at his deposition that it was "more or less six feet" (id. at 109, line 11) and the last pole to which the safety cable was attached was "[a]bout a foot away" from the ladder (id. at 108, line 11).
Defendants 227 East 45 LLC and A&E Television Networks, LLC's engineering expert attested:
It is my opinion that the plank the plaintiff stepped on, the ladder, the end column the safety cable was attached to, and the safety cable itself were all within a distance of about [*3]1 foot. This would have enabled the plaintiff to stay hooked up to the safety cable with his 6-foot lanyard while he got onto the ladder without unhooking the lanyard. There was no need for the plaintiff to unhook his 6-foot lanyard before he had gotten onto the ladder. Once on the ladder, he could have then unhooked the lanyard to go down the ladder. (NYSCEF Doc No. 250 ¶ 15.)
He concluded:
From the time when the plaintiff unhooked his lanyard from the fall protection safety cable while he was still on top of the sidewalk bridge and stepped on a loose plank, he was not following the fall protection safety rules. All the required fall protection safety measures were in place, but the plaintiff's decision to prematurely unhook his lanyard from the safety cable was the sole cause of his own fall accident. Had the plaintiff stayed attached with his safety harness lanyard to the safety cable, he would not have fallen down and hit the truck since the lanyard attached to the safety cable would have stopped his fall and would have prevented the accident.
Plaintiff moves for summary judgment on his Labor Law § 240 (1) cause of action, alleging that he is entitled to judgment as a matter of law.
Analysis
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez v Prospect Hosp., 68 NY2d at 324). Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]). On a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party (see Bazdaric v Almah Partners LLC, 41 NY3d 310, 314 [2024]).
Labor Law § 240 (1) provides in relevant part:
All contractors and owners and their agents . . . , in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices [*4]which shall be so constructed, placed and operated as to give proper protection to a person so employed.
"Labor Law § 240 (1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites (see Rocovich v Consolidated Edison Co., 78 NY2d 509, 512-513 [1991]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500 [1993]; Felker v Corning Inc., 90 NY2d 219, 223-224 [1997])" (McCarthy v Turner Constr., Inc., 17 NY3d 369, 374 [2011]).
Among the points made by the Court of Appeals recently concerning Labor Law § 240 (1) are that the statute's central concern is the dangers that beset workers in the construction industry and that it should be construed with a commonsense approach to the realities of the workplace at issue (see Stoneham v Joseph Barsuk, Inc., 41 NY3d 217, 220-221 [2023]).
Plaintiff established his prima facie entitlement to summary judgment though his showing that he fell from an elevated work site without any safety device to prevent his falling (see Perla v Daytree Custom Bldrs., Inc., 119 AD3d 758, 759-760 [2d Dept 2014]; Moniuszko v Chatham Green, Inc., 24 AD3d 638, 638 [2d Dept 2005]). The burden then shifted to Defendants, as the owner and lessee of the building and the general contractor, to present evidence sufficient to raise a triable issue of fact as to whether there was no statutory violation and the worker's own conduct was the sole proximate cause of the accident (see Moniuszko v Chatham Green, Inc., 24 AD3d at 638).
In opposition, Defendants and Third-Party Defendant claim that there exists an issue of fact as to whether a Labor Law § 240 (1) violation took place — that the sole proximate cause of Plaintiff's injuries was his having detached himself from the safety cable. This raises an issue of Plaintiff being a "recalcitrant worker." When a defendant in a Labor Law § 240 (1) case raises this issue, the inquiry is
whether a jury could have found that his own conduct, rather than any violation of Labor Law § 240 (1), was the sole proximate cause of his accident. We noted in Blake [v Neighborhood Hous. Servs. of NY City, Inc., 1 NY3d 280 (2003)] that "[e]ven when a worker is not 'recalcitrant' . . . there can be no liability under section 240 (1) when there is no violation and the worker's actions (here, his negligence) are the 'sole proximate cause' of the accident" (1 NY3d at 290)." (Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39-40 [2004].)
On a plaintiff's motion for summary judgment on a Labor Law § 240 (1) claim where the defendant raises an issue of a recalcitrant worker or a worker whose actions could be the sole proximate cause of the accident, the test is whether a jury could find (1) that the plaintiff had adequate safety devices available; (2) that he knew that they were available; (3) that he knew that he was expected to use them; (4) that he chose for no good reason not to do so; and (5) that had he not made that choice he would not have been injured (Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1167-1168 [2020]; Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d at 40).
In the instant case, Defendants and Third-Party Defendant have shown not only that Plaintiff had an adequate safety device available in the harness which was hooked up to the safety cable with a connecting lanyard, but that he already had been using this apparatus. He [*5]knew he was expected to use it because he was always being told to do so. He himself chose not to use it when descending as he untethered himself from the safety cable. It is asserted by the engineering expert that had he not made that choice he would not have been injured. Therefore, the five prerequisites for a successful recalcitrant worker or sole-proximate-cause defense were shown to exist here.
Plaintiff focuses on the fact that the plank he stepped on was not secured. This, he claims, is the proximate cause of his being injured; not his disconnecting his lanyard from the safety cable.
It is true that the concept of comparative fault does not apply to Labor Law § 240 (1) claims (see Blake v Neighborhood Hous. Servs. of NY City, Inc., 1 NY3d at 289; Raquet v Braun, 90 NY2d 177, 184 [1997]; Bland v Manocherian, 66 NY2d 452, 461 [1985]). However, it is also true that when a worker negligently uses a safety device provided to him to prevent a gravity related accident he can be found to be the sole proximate cause; in that situation there is no Labor Law § 240 (1) statutory violation (see Blake v Neighborhood Hous. Servs. of NY City, Inc., 1 NY3d 280).
Plaintiff urges this Court to apply the recent decision in Amaro v New York City School Constr. Auth. (— AD3d &mdash, 2024 NY Slip Op 04052 [2d Dept 2024]). In that case, the plaintiff was traversing a scaffold when a wooden plank he stepped on broke, causing him to fall. The plaintiff had been wearing a safety harness with a lanyard attached. He testified that he did not tie the lanyard to the scaffold frame while walking on the scaffold to his coworker because he was carrying a pipe in one hand and a clamp in the other. While the Appellate Division held that the plaintiff's summary judgment motion should have been granted due to there being a statutory violation which was a proximate cause of the accident, it noted that "the defendants did not present evidence that the injured plaintiff was recalcitrant in the sense that he was instructed to tie and untie his lanyard to traverse the scaffold and refused to do so" (2024 NY Slip Op, *2). Unlike that situation, in the case at bar Plaintiff testified as to his repetitively being instructed to use the harness, lanyard, and safety cables. This evidences that indeed an issue of fact exists concerning Plaintiff being a recalcitrant worker. 
In another case cited by Plaintiff, Garzon v Viola (124 AD3d 715, 716 [2d Dept 2015]), where Plaintiff's counsel represented the plaintiff therein, the Appellate Division noted that "there was no evidence that the appellant was recalcitrant in the sense that he deliberately refused to use a safety harness, since there were no building hooks to which the harness could be attached." Unlike counsel's client therein, Plaintiff deliberately detached his lifeline.
In Moniuszko v Chatham Green, Inc. (24 AD3d 638), another case cited by Plaintiff, a broken hook caused the entire scaffold to fall. The Court found that the sole proximate cause of the accident was the broken hook, not the temporary removal of his safety harness. Here, a jury could reasonably find that the sole proximate cause was Plaintiff's untethering himself from the safety cable. "[T]here was no evidence that the plaintiff was recalcitrant in the sense that he deliberately refused to use the available safety harness" (id. at 638). In the instant case, Plaintiff testified that he was repeatedly instructed to use the safety apparatus. Not only was he provided with the means to avoid an injury producing fall he affirmatively disengaged from it.
In Negron v City of New York (22 AD3d 546 [2d Dept 2005]), the plaintiff worker gave a coworker the end of his lanyard to be tied off to a structural member of the Williamsburg Bridge. After performing the task of hanging fire-retardant blankets over the bridge's suspension cables, the plaintiff requested that his coworker cut him loose. The plaintiff then grabbed a clamp to [*6]make sure a blanket had not been loosened but the clamp snapped, causing the plaintiff to loose his balance and fall. Supreme Court granted summary judgment to the plaintiff on his Labor Law § 240 (1) claim (and a § 241 (6) claim too). The Appellate Division reversed, holding that "the sole proximate cause of the accident in this case was the failure on the part of the plaintiff to have himself again tied to the lanyard before attempting to ascertain that the blanket was properly secured" (22 AD3d at 547). This decision reveals that although there was another factor in the plaintiffs falling — the snapping of the clamp — the plaintiff's having himself detached from the safety feature was the sole proximate cause of the accident. This is similar to the case at hand where Plaintiff's version of the accident is that a plank he stopped on tipped, and he fell due to having removed himself from being connected to the safety cable.
It is the fact here that Plaintiff conceded that he was instructed to use the safety apparatus and deliberately and affirmatively chose to terminate its use that distinguishes this case from others which rejected a defense that the plaintiff worker was the sole proximate cause of his injuries (e.g. Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166; Gallagher v New York Post, 14 NY3d 83 [2010]; Amaro v New York City School Constr. Auth., 2024 NY Slip Op 04052; Garzon v Viola, 124 AD3d 715; Cioffi v Target Corp., 114 AD3d 897 [2d Dept 2014]).
After summarizing the history of New York's scaffold law in Blake v Neighborhood Hous. Servs. of NY City, Inc. (1 NY3d at 286), the Court of Appeals stated, "At no time, however, did the Court or the Legislature ever suggest that a defendant should be treated as an insurer after having furnished a safe workplace. The point of Labor Law § 240 (1) is to compel contractors and owners to comply with the law, not to penalize them when they have done so." This case presents a compelling fact pattern that those responsible did that which was required to comply with Labor Law § 240 (1) by providing Plaintiff with the safety feature of being hooked up to a cable so that he would not injure himself from a fall downwards, that Plaintiff was instructed in its use, that he deliberately chose to disengage from the safety feature, and that had he not done so he would not have sustained his resulting injuries from falling onto the truck. Yet, the granting of summary judgment to Plaintiff would make Defendants insurers of Plaintiff's own recalcitrant negligence. Having provided a safety feature to avoid the injuries, Defendants should not be penalized with summary judgment and deprived of the opportunity to present their defense to a jury. A jury clearly could find that Plaintiff's actions were the sole proximate cause of the accident-producing injuries.
Although Plaintiff made out a prima facie case, Defendants and Third-Party Defendant have demonstrated a material issue of fact by making a showing under the legal standards that Plaintiff was a recalcitrant worker who knowingly and affirmatively disengaged the safety device he was provided with. Viewing the facts in the light most favorable to Defendants as the non-moving parties and taking into account that Labor Law § 240 (1) should be construed with a common sense approach, Plaintiff's motion for summary judgment must be denied (see Bazdaric v Almah Partners LLC, 41 NY3d at 314; Stoneham v Joseph Barsuk, Inc., 41 NY3d at 220-221; Zuckerman v City of New York, 49 NY2d 557; Rotuba Extruders, Inc. v Ceppos, 46 NY2d at 231). It is noted that an issue of sole proximate cause is best left for the jury to decide (e.g. Weininger v Hagedorn & Co., 91 NY2d 958 [1998]; Rosario v Monroe Mech. Servs., Inc., 158 AD3d 1155 [4th Dept 2018]; Durkin v Long Island Power Auth., 37 AD3d 400 [2d Dept 2007]; Petrocelli v Tishman Const. Co., 19 AD3d 145 [1st Dept 2005]; Musselman v Charles A. Gaetano Const. Corp., 277 AD2d 691 [3d Dept 2000]).
Based on the foregoing, the following other issues raised by Defendants and Third-Party Defendant are academic: Plaintiff's motion for summary judgment is premature due to outstanding discovery from Third-Party Defendant RHG Manpower Inc.; affidavits of witnesses to the effect that Plaintiff climbed across a pipe to descend (which would be a different version of how Plaintiff fell than that testified to by Plaintiff at his deposition) and whether they should be considered.
Conclusion
Accordingly, it is hereby ORDERED that Plaintiff's motion for summary judgment against Defendants is DENIED.
E N T E R
AARON D. MASLOW
Justice of the Supreme Court of the State of New York