Lopes v County of Suffolk (2025 NY Slip Op 01619)

Lopes v County of Suffolk

2025 NY Slip Op 01619

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2022-08895
 (Index No. 605044/18)

[*1]Ildo Lopes, respondent, 
v
County of Suffolk, defendant, Gibson & Cushmane Contracting, LLC, appellant (and a third-party action).

Goldberg Segalla LLP, White Plains, NY (William T. O'Connell of counsel), for appellant.
Sacks and Sacks, LLP, New York, NY (Scott N. Singer of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Gibson & Cushmane Contracting, LLC, appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated September 20, 2022. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against that defendant.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant County of Suffolk contracted with the defendant Gibson & Cushmane Contracting, LLC (hereinafter Gibson), to complete a bridge reconstruction project, and Gibson subcontracted with the plaintiff's employer to perform certain painting work, among other things. The plaintiff allegedly was injured during the course of performing this work on the project. According to the plaintiff, at the time of his accident, he was using a scaffold, which he had not set up and which was not equipped with any railings, when his vision became obscured by dust. The plaintiff stepped backwards and fell off of the scaffold, sustaining injuries.
The plaintiff subsequently commenced this action against Gibson and the County of Suffolk to recover damages for personal injuries, alleging, inter alia, a violation of Labor Law § 240(1). After discovery, the plaintiff moved, among other things, for summary judgment on the issue of liability on that cause of action insofar as asserted against Gibson. By order dated September 20, 2022, the Supreme Court, inter alia, granted that branch of the plaintiff's motion. Gibson appeals.
"'Labor Law § 240(1) imposes a nondelegable duty [and absolute liability] upon owners and general contractors and their agents to provide safety devices necessary to protect workers from risks inherent in elevated work sites'" (Von Hegel v Brixmor Sunshine Sq., LLC, 180 AD3d 727, 728, quoting Caiazzo v Mark Joseph Constr., Inc., 119 AD3d 718, 720). "To prevail on a cause of action alleging a violation of Labor Law § 240(1), a plaintiff must prove that the defendant violated the statute and that such violation was a proximate cause of his or her injuries" (Von Hegel v Brixmor Sunshine Sq., LLC, 180 AD3d at 728; see Hossain v Condominium Bd. of Grand Professional Bldg., 221 AD3d 981, 983). "Once the plaintiff makes a prima facie showing the [*2]burden then shifts to the defendant, who may defeat [the] plaintiff's motion for summary judgment only if there is a plausible view of the evidence—enough to raise a fact question—that there was no statutory violation and that [the] plaintiff's own acts or omissions were the sole cause of the accident" (Blake v Neighborhood Hous. Services of New York City, Inc., 1 NY3d 280, 289 n 8; see Masmalaj v New York City Economic Dev. Corp., 197 AD3d 1292, 1293).
Here, the plaintiff met his prima facie burden of demonstrating a violation of Labor Law § 240(1) and that this violation was a proximate cause of his injuries, through his deposition testimony that the scaffold that was set up for him did not have any safety railings, thus allowing him to fall backwards off the scaffold (see Morocho v Boulevard Gardens Owners Corp., 165 AD3d 778; Garzon v Viola, 124 AD3d 715, 716).
In opposition, Gibson failed to raise a triable issue of fact. Since the plaintiff established a violation of Labor Law § 240(1) and that the violation was a proximate cause of his fall, his comparative negligence, if any, is not a defense to the cause of action alleging a violation of that statute (see Amaro v New York City Sch. Constr. Auth., 229 AD3d 746, 748; Fuentes v 257 Toppings Path, LLC, 225 AD3d 746, 748). Additionally, Gibson's evidence failed to raise a triable issue of fact as to whether the plaintiff was recalcitrant in the sense that he knew that he was expected to use a safety harness, a man lift, or a scaffold different from the one already set up and deliberately chose, for no good reason, not to do so (see Amaro v New York City School Constr. Auth., 229 AD3d at 748; Mushkudiani v Racanelli Constr. Group, Inc., 219 AD3d 613, 615; Garzon v Viola, 124 AD3d at 716). Contrary to Gibson's contention, an affidavit from Michael Alessi, a representative of the plaintiff's employer, was insufficient to raise a triable issue of fact in this regard, as it was vague regarding what instructions the plaintiff had received and, furthermore, Alessi lacked personal knowledge on that point (see Mora v 1-10 Bush Term. Owner, L.P., 214 AD3d 785, 787).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Gibson.
In light of our determination that Alessi's affidavit was not sufficient to raise a triable issue of fact in opposition to the plaintiff's motion, we do not reach the plaintiff's remaining contention regarding the electronic notarization of Alessi's affidavit.
IANNACCI, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court